LEE *et al.* *v.* NORTHWESTERN STOVE REPAIR CO. *et al.*

*(Circuit Court, N. D. Illinois. May 3, 1892.)*

1. PATENTS FOR INVENTIONS—STOVE FIXTURES—NOVELTY.
    Letters patent No. 289,802, issued December 11, 1883, to Philo D. Beckwith, for improvements in a heating stove designed to convert a wood-burning stove into a coal burner, and consisting of a flaring ring cast in two sections, which fit into the top of the fire pot, in which the coal basket, cast integral, is suspended, the ring having legs which rest on an annular flange at the base of the fire pot, and having holes in its periphery, into which pintles, cast on the underside of the coal basket, pass, so as to hold the ring together, are not void for want of novelty.

2. SAME—INFRINGEMENT.
    It is an infringement of said patent to sell the different fixtures included in said patented device, although a complete set of the fixtures is not sold to any one person, and no stove is sold with them.

In Equity. Bill by Fred E. Lee and William G. Howard against the Northwestern Stove Repair Company and others to restrain the infringement of a patent.

*Howard & Roos* and *Banning, Banning & Payson,* for complainants.
*Offield, Towle & Linthicum,* for defendants.

BLODGETT, District Judge. An injunction and accounting is sought for by the bill in this case for the alleged infringement of patent No. 289,802, granted December 11, 1883, to Philo D. Beckwith, for a "heating stove." The patentee, Beckwith, several years before the granting of this patent, obtained three or more patents, under which he manufactured a heating stove which obtained a wide reputation and sale as a wood burner, by the name of "Round Oak Stove." It consisted of a vertical sheet-iron cylinder, mounted on a cast-iron base and fire pot supported by legs, in the usual manner, the fire pot resting on the base, and a door above the fire pot for putting in the fuel, with an ash pit and a shaking grate at the bottom of the fire pot, and the usual air inlets for a draught up through the grate and fire pot. In April, 1874, he obtained a patent on a modification of his stove to convert it into a coal burner; but, however well this may have operated as a soft-coal burner, it was not, as the proof shows, well adapted to the burning of hard coal, and the purpose of the device now in question was to change his form of stove into a hard-coal burner. The patent in question is upon a set of fixtures which, being inserted in the cylinder of a Round Oak stove, change it from a wood or soft-coal burner to a hard-coal burner. The patentee says in regard to his device:

"My present invention consists in the arrangement of a basket, a shaking grate, and the means employed for supporting the parts within the fire pot of the stove; also, in the construction of the parts that enables me to use a coal basket cast integral, one that may be readily inserted or taken out through the ordinary stove door, as set forth in the following specification."

"This invention is designed as an improvement upon my letters patent dated April 28, 1874, No. 150,277, and is designed for burning hard and soft coal."

Briefly described, the device consists of a flaring ring cast in two sections, which fit into the top of the fire pot in which the coal basket cast integral is suspended, this ring having holes in its periphery into which pintles cast on the underside of the flaring ring of the coal basket pass, so that, when the coal basket is seated in the ring, the ring, although cast in two sections, is made integral or held together by these pintles. This sectional ring is also provided with legs which extend downward to and rest on an annular flange at the base of the fire pot. A grate rests on shoulders or notches cut in the lower ends of the legs of the annular ring, so that it forms the bottom of the coal basket, with reciprocating shaking bars resting upon it. The claims of the patent are:

"(1) The sectional flaring ring, fitting within the top of the fire pot of the herein-described stove, being adapted to encircle and support the basket, (cast integral,) as and for the purposes set forth. (2) In a heating stove, the combination of the sectional ring, having leg supports attached thereto, being adapted to fit within the fire pot of the stove, said leg supports resting upon the horizontal flange of the fire pot, substantially as set forth. (3) The coal basket, cast integral, having a flaring flange with a series of pintles projecting downward from said flange, for the purposes specified. (4) The combination of the sectional ring with leg supports attached thereto, said supports resting upon the flange of the fire pot, being also provided with horizontal supports for receiving and retaining the reciprocating grate, substantially as set forth."

Infringement is charged as to all these claims.

The defenses are: (1) That the patent is void for want of novelty; (2) that the sole business of defendant is that of furnishing repairs or parts of stoves to replace parts which have been worn or burned out by use, and that it does not sell, as a rule, the entire set of fixtures called for by this patent to a customer at the same time.

It is conceded, but if it were not the proof shows, that defendant obtained a complete set of the parts or fixtures called for by the patent, and has made castings from them, which it offers for sale to customers as ordered, so that the charge of infringement may be considered as established. To sustain the defense of want of novelty, defendants have put in evidence a large number of prior patents on stoves, and have also examined at considerable length a well-known expert in the art, who testified that, in view of the art, all the patentee did in the production of this device was in the line of improvements by the exercise of mere mechanical skill on older and well-known devices. A careful study of the older patents put in evidence fails to show to my satisfaction that there was no invention called for to produce the device covered by this patent. It is true that annular rings and coal baskets and fire pots are severally shown in these old patents, but in no such relations nor with the functions they bear in the device in question. The problem this patentee set himself about was to devise a set of fixtures which, when coacting, would convert his wood-burning stove into a successful stove for burning hard coal. His patent of 1874 was, I conclude from the proof, a partial success, burning soft

coal as well as wood, but it was a failure for burning hard coal; the main cause of the failure in that regard, probably being the oval openings left between the upper part of the fire pot and the coal basket, which prevented a sufficiently strong draft through the hard coal to secure combustion. To remedy this defect in the 1874 patent, he devised the flaring sectional ring, fitting closely to the top of the fire pot; and as this ring was of the same diameter as that of the fire pot at the top, and so would not pass into the door entire, he was obliged to have it made in sections, so that it could be readily put in place through the stove door, and then so arranged the holes in the ring and the pintles on the underside of the flaring rim of the coal basket that they connected with the ring through these holes, and thereby held the ring firmly together in place. This sectional ring had to be supported in its position at the top of the fire pot, and to do this legs are attached to its underside, which extend down to and rest on the annular flange at the base of the fire pot, and notches in the feet or lower ends of these legs furnish a seating for the grate at the bottom of the coal basket. The expert argues that this flaring sectional ring could have been held at the top of the fire pot by an inwardly extending flange at that point; but the structure of the stove as a wood burner not only did not require such a flange, but such a flange would undoubtedly have been objectionable in that place as a wood burner, as it would have been an obstruction to the placing of the wood in the fire pot. What Beckwith was seeking to do was to adapt his wood-burning stove so that the burning of hard coal could be accomplished by the use of these fixtures, and yet the stove be readily restored to its old function of a wood burner by the removal of these fixtures; and, to meet this requirement, he supported the ring upon these legs, instead of reconstructing his original stove by casting an inwardly projecting flange at the top of the fire pot, as the expert says he might have done. As a device, then, for suspending the coal basket in the fire pot, it seems very clear to me this sectional ring involved invention. In construing this patent, due consideration must be given to the object the patentee was seeking to accomplish, which was not to make a new stove, but to impart a new function to an old one; and this, it seems to me, he did by the introduction of these fixtures into his old wood burner. The first claim of the patent is on this sectional ring, adapted to encircle and support the coal basket. This, as I construe it, necessarily reads into this claim the legs, as without them, or their equivalent, the ring could not support the basket. The second claim is substantially the same as the first, being in terms for the ring and the leg supports. And the fourth claim is, in my estimation, only another form of statement for the first and second claims. The third claim is for the coal basket cast integral with flaring flange, and a series of pintles projecting downward from the flange. The proof shows coal baskets cast integral, and in the Johnston patent shows a coal basket for a grate or open fire, with a pintle projecting downward from the ring for the purpose of holding it in place. But this coal basket does more than hold itself in place by its pintles, it holds the sectional

ring in which it is seated in place by its series of pintles; and while it may be said that one pintle would suggest more, if more were needed, I do not think it would suggest a series of pintles to make a sectional ring practically integral. I therefore, though with less confidence than in regard to the other claims, feel constrained to hold this claim also valid.

As to the second point, that defendants do not infringe because they only sell such of these fixtures as each customer may call for, and that they do not infringe unless they sell them all to one customer, it seems enough to say that these four claims are, with some variations in phraseology in the first, second, and fourth, for the sectional ring with its supporting legs and the coal basket cast integral, with flaring ring and the pintles, as separate parts. If defendants sell a sectional ring such as is described in this patent to a customer, they infringe upon the claims which cover this ring. If they sell a coal basket such as is described in the patent, so arranged as to be seated in this ring with pintles to hold the ring together, they infringe on the claim which covers the coal basket; that is, these claims are upon these separate fixtures, the sectional ring and the coal basket, as described in the patent, and the patent is infringed by the making or selling of either of these fixtures covered by these claims, respectively.

As to the argument advanced at the hearing, that a stove must be read into each of these claims to make the fixtures covered by this patent operative, and hence that defendants do not infringe, because they do not make Round Oak stoves, I will only say the patent covers these fixtures specifically, and it is no more necessary to read a stove into these claims than it would be to read a railroad into a patent on a car truck or a locomotive. Of course, we all know that these fixtures are only adapted to certain uses; but the presumption is that, if defendants make and sell them, they do so only that the purchaser may apply them to such uses. The Howe sewing machine needle was only useful in connection with a sewing machine, but that did not make it necessary that a man should make an entire sewing machine in order to infringe the Howe patent. A decree may be prepared, finding that defendants infringe, and for an injunction and accounting. No decree as to individual defendants.